IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 25 2013

CLERK, U.S. DISTRICT COURT
By:_____
        Deputy

| | | |
|---|---|---|
| GERY LEE SCOTT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-384-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Gery Lee Scott, a state prisoner currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), in Gatesville, Texas, against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed with prejudice on limitations grounds.

I. FACTUAL AND PROCEDURAL HISTORY

In this petition, petitioner challenges his sentence, as enhanced by prior felony convictions, for injury to a child-

bodily injury in Case No. 0826520D in the 371st District Court of Tarrant County, Texas.  (02SHR at 54[1])  On September 3, 2002, pursuant to a plea agreement, petitioner pleaded guilty to the offense and was sentenced to 35 years' confinement.  Previously, on July 30, 1980, petitioner was convicted in the 33rd Judicial District Court of Llano County, Texas, of the felony offense of unauthorized use of a motor vehicle in cause number 3740.  (03SHR at 17)  The 1980 Llano County conviction was one of two prior felony convictions used to enhance his sentence for his 2002 Tarrant County conviction.  (02SHR at 47-48)  Petitioner did not appeal the Tarrant County judgment, but in 2012 he filed a motion and a state habeas application seeking correction of the sentence in the trial court without success.  (02SHR at 2-24)  Ultimately, the state habeas application was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court.  (02SHR at cover, 40-46)

## II.  ISSUES

Petitioner raises the following claims for relief:

(1) his 35-year sentence was illegally enhanced because his Llano County conviction was not final;

---

[1]"02SHR" and "03SHR" refer to the court record in petitioner's state habeas corpus proceedings in *Ex parte Scott*, WR-12,196-02 and WR-12,196-03, respectively.

(2) his 35-year sentence is outside the legal range of punishment because it was illegally enhanced, thereby rendering the judgment void;

(3) he has a legal right to correction of his illegal sentence by the trial court or the appeals court; and

(4) the state courts abused their discretion in not "hearing his Merits" of his constitutional claims.

(Pet'r Mem. at 1)

### III.   STATUTE OF LIMITATIONS

Pursuant to this court's order, respondent filed a preliminary response addressing only the issue of limitations. Respondent asserts the petition is time-barred.   (Resp't Prel. Resp. at 3-7)   Title 28 U.S.C. § 2244(d) provides:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

Court and made retroactively applicable to
cases on collateral review; or

(D)   the date on which the factual
predicate of the claim or claims presented
could have been discovered through the
exercise of due diligence.

(2)   The time during which a properly filed
application for State post-conviction or other
collateral review with respect to the pertinent
judgment or claim is pending shall not be counted
toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner asserts his 35-year sentence was illegally
enhanced because his sentence for the 1980 Llano County
conviction was confinement for an indefinite or indeterminate
sentence—"a term of not less than two (2) years nor more than
three (3) years," that such sentences were abolished in Texas in
1981, that his sentence was not authorized by law, and that the
trial court's judgment was therefore void.   (03SHR at 20; Pet'r
Mem. at 2-3)   He also asserts that the indefinite sentence was
not "honored" by the state but was "'changed to inflict 'GREATER'
punishment violating Ex Post Facto Laws of the State" and that he
was illegally paroled from the sentence.   (Pet'r Mem. at 4)

In an attempt to trigger the limitations period under §
2244(d)(1)(D), petitioner asserts his claims rest on newly
discovered evidence—a copy of the 1980 Llano County judgment—and

that "he had no way of knowing that his CR3740 judgment order had on it's face a[n] 'indeterminate sentence,' or a 'mandated not less than two years' until Tarrant County court answered his writ of habeas corpus 11.07 in 2012," which included a copy of the judgment. (Pet'r Reply at 5, 11)   However, petitioner could have learned of this fact and/or obtained a copy of the judgment with due diligence at the time of his 2002 sentencing, if not during the near 22-year span between the convictions.   (Pet'r Mem. at 6)

Instead, § 2244(d)(1)(A) is applicable to petitioner's claims.   Under that subsection, the trial court's September 3, 2002, judgment of conviction and sentence became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a notice of appeal on October 3, 2002, and closed one year later on October 3, 2003.   (02SHR at 4)   TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).   Thus, petitioner's federal petition was due on or before October 3, 2003, absent any tolling.

For purposes of statutory tolling, petitioner's state habeas application filed in July 2012, nearly nine years after the expiration of the one-year period, did not operate to toll the running of the federal period under § 2244(d)(2).   *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).   Nor has petitioner

5

demonstrated that equitable tolling is justified.  Equitable tolling of the federal limitations period is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner.  *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2560 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

It is well settled that a petitioner's pro se status, indigence, lack of knowledge of the law, and difficulty obtaining records, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period.  *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 391 (5th Cir. 1999).  Petitioner's extreme delay further mitigates against equitable tolling.  "Equity is not intended for those who sleep on their rights."  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).  Because a federal petition raising petitioner's claims was due on or before October 3, 2003, his petition filed on May

6

8, 2013, is untimely.[2]

Petitioner also asserts the state courts abused their discretion by not hearing his claims on the merits during the state habeas proceedings.  (Pet'r Mem. at 10)  Claims alleging infirmities and defects in state habeas proceedings, including the state courts' failure to hold an evidentiary hearing, are not cognizable on federal review.  *Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001).  Moreover, although the state courts did not hold an evidentiary hearing, the state habeas court entered findings of fact, conclusions of law, and a recommendation that habeas relief be denied, and, based on those findings, the Texas Court of Criminal Appeals denied relief without written order.  (02SHR at cover, 40-46)  This constitutes an adjudication on the merits of petitioner's claims.  *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

For the reasons discussed herein,

---

[2]*See Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998) (holding, under prison mailbox rule, pro se habeas petition is deemed filed when papers delivered to prison authorities for mailing).  Petitioner does not indicate on his petition the date he placed the petition in the prison mailing system, however the envelope in which he mailed the petition reflects a postmark of May 8, 2013.  Thus, the petition is deemed filed on May 8, 2013.

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred as to grounds one, two and three and denied as to ground four.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated that his petition is, or should be deemed, timely filed or made a substantial showing of the denial of a constitutional right.

SIGNED July _____25_____, 2013.


_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE

8